# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| CRIT WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13-0606-DGK-SSA |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING COMMISSIONER'S DECISION

Plaintiff Crit Walker seeks judicial review of the Commissioner of Social Security's denial of his application for supplemental security income ("SSI") based on disability under Title XVI of the Act, 42 U.S.C. §§ 1381 *et seq*. The ALJ found that although Plaintiff suffered from the severe impairment of degenerative lumbosacral disc disease with residual pain and radiculopathy, he retained the residual functional capacity ("RFC") to perform sedentary work and so was not disabled. After careful review, the Court holds the ALJ's decision is supported by substantial evidence on the record as a whole, and the Commissioner's decision is AFFIRMED.

**Factual and Procedural Background**

The medical record is summarized in the parties' briefs and is repeated here only to the extent necessary.

Plaintiff is a forty-year-old man. Plaintiff filed the pending application for benefits—his fourth—on October 14, 2009, alleging a disability onset date of May 12, 1999. The Commissioner denied Plaintiff's applications at the initial claim level, and Plaintiff appealed the denial to an ALJ. The ALJ held a hearing on September 22, 2011, during which Plaintiff

amended his alleged onset date to October 14, 2009. On January 25, 2012, the ALJ issued her decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on January 11, 2013, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all of his administrative remedies and judicial review is now appropriate under 42 U.S.C. § 1383(c)(3).

## Standard of Review

A federal court's review of the Commissioner of Social Security's decision to deny SSI benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). The court must "defer heavily" to the Commissioner's findings and conclusions. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The court may reverse the Commissioner's decision only if it falls outside of the available "zone of choice," and a decision is not outside this zone simply because the court might have decided the case differently were it the initial finder of fact. *Buckner*, 646 F.3d at 556.

## Analysis

In determining whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of not less than twelve months, 42 U.S.C. § 423(d), the

Commissioner follows a five-step sequential evaluation process.[1] Plaintiff contends the Commissioner's decision is not supported by substantial evidence and should be reversed because the ALJ erred: (1) at step four by not considering pain as a severe restriction on Plaintiff's ability to perform sedentary work; and (2) at step five by not including in her hypothetical to the Vocational Expert ("VE") a nonexertional impairment for pain. The Court finds no merit to either claim.

A.  **The ALJ's RFC assessment, including her credibility determination, is supported by substantial evidence on the record.**

Plaintiff argues that he is disabled due to "constant" and "tremendous" back pain. Plaintiff claims this pain is an eight or nine on a scale of one to ten, and that he experiences this pain "every day, all day." R. 48, 52, 54-55. Thus, he contends, the ALJ erred in not finding pain prevented him from performing the full range of sedentary work.

A claimant's RFC is based on the combined effects of all of a claimant's *credible* limitations. 20 C.F.R. § 416.945 (emphasis added). In determining a claimant's RFC, the ALJ may consider a host of factors, including the claimant's medical history, medical signs and laboratory findings, effects of treatment, reports of daily activities, lay evidence, recorded observations, medical source statements, effects of symptoms, and attempts to work. SSR 96-8p.

---

[1] The five-step process is as follows: First, the Commissioner determines if the applicant is currently engaged in substantial gainful activity. If so, he is not disabled; if not, the inquiry continues. At step two the Commissioner determines if the applicant has a "severe medically determinable physical or mental impairment" or a combination of impairments. If so, and they meet the durational requirement of having lasted or being expected to last for a continuous 12-month period, the inquiry continues; if not, the applicant is considered not disabled. At step three the Commissioner considers whether the impairment is one of specific listing of impairments in Appendix 1 of 20 C.F.R. § 404.1520. If so, the applicant is considered disabled; if not, the inquiry continues. At step four the Commissioner considers if the applicant's residual functional capacity ("RFC") allows the applicant to perform past relevant work. If so, the applicant is not disabled; if not, the inquiry continues. At step five the Commissioner considers whether, in light of the applicant's age, education and work experience, the applicant can perform any other kind of work. 20 C.F.R. § 404.1520(a)(4)(i)-(v); *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009). Through step four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches step five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King*, 564 F.3d at 979 n.2.

It is the claimant's burden to prove her RFC. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004).

The Court emphasizes that the regulations restrict the RFC determination to credible limitations, because the ALJ found Plaintiff's subjective complaint of disabling pain were not credible to the extent they indicated he could not perform sedentary work. R. at 15, 27. And substantial evidence on the record here supports the ALJ's determination that Plaintiff's allegations of disabling pain are not credible.

First, as the ALJ noted, there was little evidence that Plaintiff ever sought treatment for back pain. For example, for almost two years after his alleged disability onset date in 2009, Plaintiff sought no treatment for back pain. R. at 24, 263-65 (treatment records dated Aug. 6, 2011). During this time, when Plaintiff sought medical treatment, it was for complaints unrelated to back pain. R. at 20-27. This contradicts Plaintiff's assertions of disabling back pain. *See Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003). Plaintiff's response—that he did not seek treatment for back pain because of financial constraints—is belied by the fact that: (1) he did not seek free or lost cost medical care, despite the fact that it appears to have been available; (2) he did not begin seeking regular treatment even after he obtained Medicaid in the fall of 2011; and (3) during the time he claimed he did not have enough money for medical treatment, he had enough money to smoke cigarettes daily and marijuana occasionally. R. at 17, 20-22, 49, 242, 255, 259-62, 265, 275-83.

Second, despite Plaintiff's complaints of constant, unrelenting back pain, he did not take pain medication regularly, except for over-the-counter pain medication. R. at 20, 22, 215-19, 220-22, 242, 257, 260. This detracts from his credibility. *Clevenger v. Soc. Sec. Admin.*, 567 F.3d 971, 976 (8th Cir. 2009).

Third, both consultative examining doctors rejected Plaintiff's claims. R. at 19-24, 242-46, 258, 266, 277. Although a claimant's subjective complaints cannot be disregarded solely because they are not fully supported by objective medical evidence, they may be discounted if they are inconsistent with the record as a whole. *Buckner*, 646 F.3d at 558. And the consultative doctors' opinions here are certainly inconsistent with Plaintiff's claims.

Fourth, Plaintiff's activities of daily living were inconsistent with his subjective complaints. Plaintiff performed all the activities of someone who lives independently, and he was also taking community college classes which required him to travel around a large campus. R. at 26, 204-08, 257. Such activities are inconsistent with Plaintiff's allegations that he is totally disabled and reflect negatively upon his credibility. *Johnson v. Apfel*, 240 F.3d 1145, 1148 (8th Cir. 2001); *see also Medhaug v. Astrue*, 578 F.3d 805, 817 (8th Cir. 2009) ("[A]cts such as cooking, vacuuming, washing dishes, doing laundry, shopping, driving, and walking are inconsistent with subjective complaints of disabling pain.").

Finally, the ALJ noted that in 2007 and 2008 Plaintiff engaged in light to medium work as a janitor before he was "suspended" from this job. R. at 16-9, 45-46. He later attempted to return to this position, indicating he was not disabled as alleged. *Medhaug*, 578 F.3d at 816-17. Although Plaintiff attempts to minimize this fact by amending his disability onset date to 2009, the Court also notes he later told one examining physician that he had not worked since 2001, which led the ALJ to suspect that Plaintiff was engaging in "willful and overt misrepresentation of his actual work history" in order to gain disability benefits. R. at 23. Such behavior obviously casts doubt on his credibility.

Plaintiff does not dispute the above facts. Instead, he argues that x-rays and an MRI taken of his back validate his complaints, and that the ALJ "simply swept aside" his pain

5

complaints on the grounds that they were not credible. Pl.'s Br. at 25. Neither contention, however, is true. The objective medical evidence does not support Plaintiff's contention that he suffers from *disabling* back pain; in fact, the x-ray report actually supports the ALJ's view of the evidence. After Plaintiff complained of back pain in September of 2011, a physician at Truman Medical Center reviewed three x-rays of Plaintiff's spine and pronounced them "unremarkable." R. at 282. And far from brushing-off Plaintiff's complaints of disabling pain, the ALJ devoted an unusually large amount of space in his opinion—twelve pages—to carefully analyzing them. R. at 15-27.

Because the record supports the ALJ's credibility determination, the Court must uphold it. *Buckner*, 646 F.3d at 556; *Baldwin v. Barnhart*, 349 F.3d 549, 558 (8th Cir. 2003) (noting credibility questions are "primarily for the ALJ to decide, not the courts."). As a result, the ALJ did not err in finding pain did not prevent Plaintiff from performing sedentary work in determining Plaintiff's RFC.

**B.     The ALJ did not err by not including an impairment for pain in her hypothetical to the VE.**

Plaintiff's second argument is that the ALJ erred in her hypothetical to the VE by not including pain in his list of nonexertional impairments. A hypothetical question need only include the claimant's credible impairments and limitations. *Heino v. Astrue*, 578 F.3d 873, 882 (8th Cir. 2009). As discussed above, the ALJ did not err in discounting the credibility of Plaintiff's pain complaints, so the ALJ did not err in excluding a limitation for pain in the hypothetical. Thus, the VE's testimony that Plaintiff could perform work existing in substantial numbers was substantial evidence in support of the ALJ's decision. *See Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001) (recognizing that the VE's answer to a hypothetical question that

contained a valid assessment of the claimant's limitations is substantial evidence supporting the ALJ's decision).

## Conclusion

Substantial evidence on the record supports the Commissioner's decision, and so the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:     August 18, 2014                     /s/ Greg Kays
                                              GREG KAYS, CHIEF JUDGE
                                              UNITED STATES DISTRICT COURT